Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 5830 | **DATE** | 8/15/2002 |
| **CASE TITLE** | Roy E. Suarez vs. Tricia L. Treater | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We grant [12-1], [9-1] the defendant's motion to dismiss pursuant to FRCP 12(b)(6). If he so chooses, Suarez has until 9/27/2002 to file an amended complaint naming the proper party defendant to his ADEA and Title VII national origin allegations. If he does not file an amended complaint by that date, this case will be dismissed in its entirety and then terminated. All other pending motions are [15-1] denied as moot.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 02 AUG 15 PM 5:14 | date mailed notice | |
| TSA | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY E. SUAREZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 01 C 5830 |
| | ) Wayne R. Andersen |
| | ) District Judge |
| TRICIA L. TREATER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant Tricia L. Treater's motion to dismiss plaintiff Roy E. Suarez' complaint. For the following reasons, we grant the motion to dismiss.

### BACKGROUND

Plaintiff Roy E. Suarez ("Suarez") was an employee of Cook County, Illinois from 1992 until 1995. Tricia L. Treater ("Treater") currently serves as Director of Human Resources at the Cook County Clerk's Office. According to Suarez, Treater discharged him from his position with the County on June 30, 1995. On July 10, 1995, Suarez filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"). Suarez also filed a charge of discrimination against Treater with the United States Equal Employment Opportunity Commission ("EEOC") on July 17, 1995. In both complaints, Suarez alleged that he was discharged based on his age at the time, 72, and his national origin, Mexico. The IDHR dismissed the charge on October 23, 1997 due to a lack of substantial evidence with respect to both charges. Suarez then filed a Request for Review with the Illinois Human Rights

Commission ("Commission") on December 8, 1997. The Commission vacated the IDHR's finding of lack of substantial evidence. However, on June 18, 1998, the IDHR again dismissed Suarez' charge because of lack of substantial evidence. Suarez then filed a second Request for Review to the Commission on January 21, 1999, but this time the Commission sustained the IDHR's dismissal on the basis that there was a lack of substantial evidence to prove that Suarez was discharged as a result of discrimination. On April 30, 2001, the EEOC sent Suarez a Notice of Right to Sue letter.

On July 27, 2001, Suarez filed the present suit, alleging that Treater discriminated against him because of: 1) age, violating the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; 2) disability, violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; 3) national origin, violating Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000 *et seq.*, and 42 U.S.C. § 1981 ("Section 1981"); and 4) race, violating Title VII and Section 1981. Suarez also is suing Treater pursuant to 42 U.S.C. § 1983 ("Section 1983") for discrimination on the basis of race, color, or national origin.

### Standard Of Review

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) turns on whether the claimant has properly stated a claim. Boim v. Quranic Literary Inst. and Holy Land Foundation for Relief and Development, 291 F.3d 1000, 1008 (7th Cir. 2002). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Chaney v. Suburban Bus Div. of Reg'l Transp. Auth., 52 F.3d 623, 626-27 (7th Cir. 1995) (citations omitted).

In the present case, the non-moving party is a *pro se* plaintiff. A *pro se* complaint must be liberally construed. The Court must apply a less stringent standard than if counsel had drafted the complaint. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972). Thus, Suarez' *pro se* civil rights claims may only be dismissed if "it is beyond doubt that there is no set of facts under which plaintiff could obtain relief." Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 378 (7th Cir. 1988).

## DISCUSSION

### I. Title VII Claims

Suarez alleges in his complaint that Treater violated Title VII of the Civil Rights Act of 1964 by discriminating against him on the basis of national origin and race. Suarez' Title VII claim must fail, however, because his complaint possesses two fatal flaws. First, Suarez erred in directing his complaint against an individual rather than an employer. As the Director of Human Resources, Treater is an individual rather than an employer for purposes of Title VII. Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 29 C.F.R. § 1630.2(e)(1). This Court and the Seventh Circuit have consistently held that the term "employer" does not extend to individuals. See Silk v. City of Chicago, 194 F.3d 788, 797 (7th Cir. 1999), U.S. E.E.O.C. v AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1279-80 (7th Cir. 1995), E.E.O.C. v. Homer, 1995 WL 470266, at *1 (N.D. Ill. Aug. 4, 1995) ("the definition suggests that Congress did not intend individual capacity liability when it passed the statute").

Suarez' claim of race discrimination fails for a second reason; it was not alleged in the original EEOC claim. Suarez' EEOC complaint only alleged that he had been discriminated against due to his age and national origin. As the Seventh Circuit has stated, "a Title VII plaintiff cannot bring claims in a lawsuit that are not included in [his] EEOC charge. . .For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge

3

would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). See also Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) ("[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."); Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985) (same). Suarez violated this rule when he alleged age and national origin discrimination in his EEOC charge, and later added a Title VII claim of race discrimination to his present complaint.

**II.    ADA Claim**

Suarez' ADA claim fails for the same reasons as his Title VII race discrimination claim. This circuit has held that, similar to Title VII, individuals are not personally liable under the ADA. See AIC Sec. Investigations, 55 F.3d at 1279-82 (holding that the ADA's definition of "employer"imposes no individual liability on agents). Moreover, since Suarez did not cause a claim of disability discrimination in his EEOC charge, he cannot bring that claim now. Accordingly, the ADA claim is dismissed with prejudice.

**III.   ADEA Claim**

Title VII, the ADA, and the ADEA all apply a virtually identical definition of "employer." See Williams v. Banning, 72 F.3d 552, 553 (7th Cir. 1995). In light of these nearly identical definitions, the Seventh Circuit has applied the same arguments rejecting individual liability discussed above to the ADEA. See, e.g., Horowitz v. Board of Educ. of Avoca School Dist. No. 37, 260 F.3d 602, 620 n.2 (7th Cir. 2001), Thelen v. Marc's Big Boy Corp. 64 F.3d 264, 267 n.2 (7th Cir. 1995), Williams, 55 F.3d at 553. Thus, although Suarez appropriately included his complaint of age discrimination in his original EEOC charge, the claim fails here because it is brought against an individual rather than his employer. Therefore, Suarez' ADEA count is dismissed without prejudice.

4

## IV. Section 1981 and Section 1983 Claims

In the instant complaint, Suarez also alleges that Treater violated 42 U.S.C. § 1981 by discriminating against him on the basis of race, national origin and color, and that Treater violated 42 U.S.C. § 1983 by engaging in discrimination on the basis of race, color, or national origin. The defendant argues that these claims are time-barred. We agree.

The applicable limitations period for claims brought under Section 1981 in federal court in Illinois is governed by the state's two-year statute of limitations for personal injury actions. See Smith v. City of Chicago Heights, 951 F.2d 834, 839 (7th Cir. 1992), Allen v. CNA Financial Corporation 2000 WL 1721037, at *1 (N.D. Ill. Nov. 16, 2000). The same two-year statute of limitations applies to claims brought under Section 1983. See Smith, 951 F.2d at 837 n.1; Cebuhar v. Dep't of Alcoholism and Substance Abuse, 1997 WL 222871, at *4 (N.D. Ill. Apr. 24, 1997). Suarez contends that he filed charges of discrimination with the IDHR and the EEOC on July 10, 1995, approximately two weeks after Treater discharged Suarez on June 30, 1995. While we are required to accept these facts as true for purposes of the instant motion, they do not help Suarez' case. Although a litigant must first file charges with the EEOC in order to bring claims under the ADA, the ADEA, and Title VII, no such requirement exists for claims brought under Section 1981 and Section 1983. A plaintiff need not exhaust administrative remedies before filing a claim for damages under either of the statutes. See Heck v. Humphrey, 512 U.S. 477, 480, 114 S.Ct. 2364 (1994); Cebuhar, 1997 WL 222871, at *5. The fact that Suarez filed an EEOC charge is irrelevant because filing such a complaint does not toll the limitations period for claims under Section 1981 or Section 1983. See Allen, 2000 WL 1721037, at * 3 (discussing Section 1981 claims), Cebuhar, 1997 WL 222871 at *5 (discussing Section 1981 and Section

5

1983 claims). Suarez first alleged violations of Section 1981 and Section 1983 in the present complaint, filed on July 27, 2001, over four years after the statute of limitations expired for both claims. Therefore, we have no choice but to dismiss Suarez' Section 1981 and Section 1983 claims with prejudice.

## CONCLUSION

For the foregoing reasons, we grant the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff's Section 1981, Section 1983, ADA, and Title VII race discrimination claims are dismissed with prejudice. The plaintiff's ADEA and Title VII national origin discrimination claims are dismissed without prejudice. If he so chooses, Suarez has until September 27, 2002 to file an amended complaint naming the proper party defendant to his ADEA and Title VII national origin allegations. If he does not file an amended complaint by that date, this case will be dismissed in its entirety and then terminated. All other pending motions are denied as moot.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: August 15, 2002