# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 5830 | **DATE** | 12/11/2002 |
| **CASE TITLE** | Roy E. Suarez vs. Cook County Clerk's Office | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the defendant's motion to dismiss [21-1] pursuant to Federal Rules of Civil Procedure 12(b) is granted in part and denied in part. The plaintiff is given leave to file an amended complaint consistent with this opinion by 1/10/2003. Any discrimination claims not raised in the EEOC complaint are dismissed. Finally, the request for punitive damages must be dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 17 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 26 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROY E. SUAREZ, )
)
      Plaintiff, )
) No. 01 C 5830
v. )
) Wayne R. Andersen
) District Judge
COOK COUNTY CLERK'S OFFICE, )
)
      Defendant. )

DOCKETED
DEC 17 2002

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendant to dismiss the complaint of Roy Suarez pursuant to Federal Rule of Civil Procedure 12(b). For the following reasons, the motion to dismiss is granted in part and denied in part.

### BACKGROUND

Plaintiff Roy E. Suarez ("Suarez") was an employee of Cook County, Illinois from 1992 until 1995. According to Suarez, he was discharged from his position with the County on June 30, 1995. On July 10, 1995, Suarez filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"). Suarez also filed a charge of discrimination against Tricia Treater, who was Director of Human Resources at the Cook County Clerk's Office, with the United States Equal Employment Opportunity Commission ("EEOC") on July 17, 1995. In both complaints, Suarez alleged that he was discharged based on his age at the time, 72, and his national origin, Mexico. The IDHR dismissed the charge on October 23, 1997 due to a lack of
<mark>1</mark>



substantial evidence with respect to both charges. Suarez then filed a Request for Review with the Illinois Human Rights Commission ("Commission") on December 8, 1997. The Commission vacated the IDHR's finding of lack of substantial evidence. However, on June 18, 1998, the IDHR again dismissed Suarez' charge because of lack of substantial evidence. Suarez then filed a second Request for Review to the Commission on January 21, 1999, but this time the Commission sustained the IDHR's dismissal on the basis that there was a lack of substantial evidence to prove that Suarez was discharged as a result of discrimination. On April 30, 2001, the EEOC sent Suarez a Notice of Right to Sue letter. *See generally Suarez v. Treater*, 2002 WL 1888456, at *1 (N.D. Ill. Aug. 16, 2002).

On July 27, 2001, Suarez filed a lawsuit alleging that Treater discriminated against him because of: 1) age, violating the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; 2) disability, violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; 3) national origin, violating Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000 *et seq.*, and 42 U.S.C. § 1981 ("Section 1981"); and 4) race, violating Title VII and Section 1981. Suarez also sued Treater pursuant to 42 U.S.C. § 1983 ("Section 1983") for discrimination on the basis of race, color, or national origin. On August 15, 2002, this Court granted Treater's motion to dismiss and granted Suarez leave to file an amended complaint naming the proper party defendant. On September 24, 2002, Suarez filed his amended complaint naming the "Cook County Clerk's Office" as defendant.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am.*

*Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

In this motion, the defendant has argued that the complaint should be dismissed for three reasons. The first argument is that the named defendant, the "Cook County Clerk's Office", is a non-suable entity. Second, the defendant contends that Suarez' Title VII claim of national origin discrimination is outside the scope of the EEOC charge. Finally, the defendant believes that punitive damages are not recoverable in this action. We will discuss each of these arguments in turn.

## I. Is the Cook County Clerk's Office a proper party defendant?

The defendant is correct that, under the Federal Rules of Civil Procedure, the capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is held. *See* Fed.R.Civ.P 17(b). In Illinois, it is settled law that the General Assembly "create[s] an office or position to be filled by one person. [It does] not create a governmental entity or agency having an existence separate from the person who fills it." *Clay v. Friedman*, 541 F. Supp. 500, 503 (N.D. Ill. 1982); *see also Woidtke v. County of St. Clair*, 2002 WL 31553528, at *3 (S.D. Ill. Nov. 8, 2002). In this case, the Cook County Clerk's Office, operated by David Orr, the Cook County Clerk, lacks a separate and independent existence from its governing elected official and, thus, is a non-suable entity.

Mr. Suarez is prosecuting this case *pro se* so his lack of legal sophistication is understandable. To avoid any future motions to dismiss, we hereby grant Mr. Suarez leave to file an amended complaint to name the proper party defendants. If Mr. Suarez so wishes, he is to name as defendants "Cook County, Illinois" and "Mr. David Orr, in his official capacity as Cook County Clerk."

## II. Is the plaintiff's complaint outside the scope of his EEOC charge?

The defendant also argues that Suarez' complaint should be dismissed because the allegations in the complaint do not comport with the allegations made in the charge to the IDHR and the EEOC. At the outset, we stress once again that Suarez is proceeding *pro se* in this action. This necessarily means that we are to construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972). Thus, Suarez' *pro se* discrimination claims may only be dismissed if "it is beyond doubt that there is no set of facts under which plaintiff could obtain relief." *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

As a general matter, it is the law of this circuit that "a Title VII plaintiff cannot bring claims in a lawsuit that are not included in [his] EEOC charge...For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The defendant has argued that Suarez' amended complaint violates this principle because it does not mention his actual discharge from the Clerk's Office but instead references discrimination in relation to compensation, denial of access to union forms, and denial of access to the application process. Because the allegations of discrimination based on compensation and denial of access

4

were not presented to the appropriate administrative agencies, they are not cognizable in this federal employment discrimination action. Accordingly, those portions of the amended complaint are dismissed.

However, the defendant also argues that the remainder of the amended complaint should be dismissed because Suarez does not assert that he was discharged as a result of the alleged discrimination. We disagree. While it is certainly true that Suarez' complaint is not the model of clarity, a full reading of his complaint, and the documents he appends to it, makes clear that he is alleging that he was discharged because of his age and his national origin. Specifically, he contends that he was discriminated against, and ultimately fired, because the Cook County Clerk's Office decided to adhere to a union contract which required that the most senior employee with the lowest employee hiring number be retained as a worker in the Clerk's Office. He alleges that the employee who fit these criteria was a U.S. citizen in his 30's. Thus, Suarez has sufficiently alleged in his amended complaint that he was discharged due to his age and national origin. If he chooses to file a second amended complaint, he may claim that he was discharged due to both age and national origin discrimination.

### III.  Is the plaintiff entitled to punitive damages?

A plaintiff is entitled to seek punitive damages under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 1981a(b)(1). However, under the Act, a plaintiff can only recover punitive damages against "a respondent (other than a government, government agency, or political subdivision) . . . ." *Id.* Municipal corporations qualify as "political subdivisions" of local government and are, therefore, immune to punitive damages under Title VII. *See Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) (indicating that the Act exempts governmental

entities from punitive damages under Title VII); *Kelm v. Arlington Heights Park Dist.*, 1999 WL 753930, at *9 (N.D. Ill. Sep. 15, 1999) (holding same); *see also Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 1998 WL 513087, at *3 (N.D. Ill. Aug. 13, 1998) (granting motion to strike evidence relating to punitive damages because defendant was a governmental agency); *Crump v. Chicago Housing Authority*, 1998 WL 164869, at *5 (N.D. Ill. Apr. 2, 1998) (dismissing punitive damages against a municipal corporation). Suarez has not claimed that the Clerk's Office waived its immunity. Nor has Suarez indicated that the Clerk's Office is anything other than an agency of a municipal corporation. Accordingly, the defendant's motion to dismiss the claim for punitive damages is granted.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) is granted in part and denied in part. The plaintiff is given leave to file an amended complaint consistent with this opinion by January 10, 2003. Any discrimination claims not raised in the EEOC complaint are dismissed. Finally, the request for punitive damages must be dismissed.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 11, 2002