

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 5830 | DATE | 10/27/2003 |
| CASE TITLE | Roy E. Suarez vs. Cook County, Illinois et al | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Defendant's motion for summary judgment [41-1] is granted, terminating the case. This is a final and appealable decision.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 29 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | 48 |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROY E. SUAREZ,

    Plaintiff,

v.

COOK COUNTY, ILLINOIS
and DAVID ORR, in his official
capacity as Cook County Clerk,

    Defendants.

No. 01 C 5830

Wayne R. Andersen
District Judge

DOCKETED
OCT 29 2003

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Roy E. Suarez ("Suarez") filed this action against his former employer Cook County, Illinois and David Orr in his official capacity as Cook County Clerk, alleging that Defendants discharged him on the basis of his age and national origin in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the motion for summary judgment is granted.

## BACKGROUND

In 1992, Suarez applied for employment with the Cook County Clerk and interviewed for a position with the Clerk's Office along with four other applicants. Plaintiff was recruited by the Clerk's Office specifically because he was bilingual in English and Spanish. Plaintiff was hired on May 29, 1992 as a temporary employee to register voters as part of the Voter Registration Project. Suarez was an employee of Cook County, Illinois from 1992 until 1995.

John Carson also was hired as a temporary employee by the Cook County Clerk's Office on May 29, 1992 to assist with the Voter Registration Project. On September 1, 1994, Suarez, Carson and other temporary employees were notified by letter that the Voter Registration Project was scheduled to end on October 11, 1994. However, the Voter Registration Project and these temporary employment positions were extended through June 30, 1995.

When the Voter Registration Project ended, the Clerk's Office could not continue to employ all of the temporary employees hired to assist with the Project. However, the Clerk's Office decided to retain one temporary employee through the 1995 general election. At that time, both Suarez and Carson were members of the Service Employees International Union, Local 46 (the "Union"). Thus, the Clerk's Office and the Union followed the seniority provision of the collective bargaining agreement to determine which individual would be retained.

The applicable collective bargaining agreement defines seniority as an employee's length of most recent continuous employment with the Clerk's Office since his last hiring date as a full-time employee. In the event employees are hired on the same day, the collective bargaining agreement provides that the employee with the lower employee number would be most senior. Among relatively equal employees, the collective bargaining agreement provides that seniority governs the selection of applicants for a position.

Plaintiff's employee number is 233187, and Carson's employee number is 146846. Although Suarez and Carson were hired on the same day as temporary employees for the Voter Registration Project, their employee numbers were not sequential. Carson already had an employee number due to his previous employment with the County and was reassigned that same number when he was re-hired as a temporary employee in May of 1992. Since Carson's

2

employee number was lower than Suarez's employee number, Carson was retained. Suarez was discharged from his position with the County on June 30, 1995.

At no time did any supervisor or person of authority with the Cook County Clerk's Office ever communicate to Plaintiff that he was not being retained because of his age or national origin. The other individuals who were hired as temporary employees and not retained were all under forty years of age and not of Hispanic national origin. Plaintiff subsequently filed this lawsuit against Cook County and David Orr in his official capacity as Clerk of Cook County, alleging age and national origin discrimination

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In considering such a motion, the court accepts as true the evidence set forth by the non-moving party and draws all reasonable inferences in favor of the party opposing the motion. *Associated Milk Producers, Inc. v. Meadow Gold Dairies*, 27 F.3d 268, 270 (7th Cir. 1994). The moving party bears the burden of demonstrating an absence of evidence to support the position of the nonmoving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).

In making its determination, the court should not make credibility determinations or weigh evidence, but should only determine "whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoescht Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Accordingly, presenting only a scintilla of evidence will not suffice to oppose a motion for summary judgement. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In considering whether summary judgment is appropriate, we rely on the parties to paint the factual landscape. To that end, the parties must comply with Northern District of Illinois Local Rule 56. Local Rule 56(b) requires a party opposing summary judgment to respond to "each numbered paragraph in the moving party's statement" and, in the case of disagreement, to provide specific references to the record that support the nonmoving party's factual disagreement. The unambiguous language of the rule indicates that compliance is not discretionary. Therefore, the Seventh Circuit has enforced strictly its provisions. *See e.g.*, *Nabozny v. Podlesny*, 92 F.3d 446, 450 (7th Cir. 1996); *Waldridge*, 24 F.3d at 921-22; *Schulz v. Serfilco Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992).

Here, Suarez has not contested any of the facts submitted by Defendants with citations to the record, and Plaintiff's statement of facts does not comply with Local Rule 56(b). Plaintiff's purported statement of facts does not contain any additional facts for the Court to consider and does not contain any citations to the record. Rather, Plaintiff has submitted a "List of Exhibits," but the exhibits submitted do not provide any insight as to the reasons for Plaintiff's discharge or any support for Plaintiff's claim of discrimination. Accordingly, this Court will view all facts alleged in Defendants' Local Rule 56(a) statement as true to the extent there is support in the record. *Valenti v. Qualex, Inc.*, 970 F.2d 363, 369 (7th Cir. 1992). However, this Court acknowledges its obligation to construe liberally the filings of pro se plaintiffs, and while

4

Plaintiff's noncompliance with the local rules is a sufficient reason for granting Defendants' motion, we nonetheless will address the merits of Plaintiff's claim.

Under the ADEA, an employer may not "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." 29 U.S.C. § 623. Similarly, under Title VII, an employer may not "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2 (a)(1).

When, as in this case, there is no direct evidence of discrimination, the plaintiff may rely on the indirect, burden-shifting method of proof established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonnell Douglas* pretext analysis places the initial burden on the plaintiff to establish a prime facie case of discrimination. *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 600 (7th Cir. 2001).

To set forth a prima facie case of age discrimination, an employee must show that: (1) he was over forty years of age; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated, substantially younger employees were treated more favorably. *Wade v. Lerner New York, Inc.*, 243 F.3d 319, 322 (7th Cir. 2001). Similarly, a prima facie case of national origin discrimination is established by showing that: (1) the employee falls within a protected class; (2) the employee was meeting his employer's legitimate expectations; (3) the employee suffered an unfavorable employment action; and (4) the employer treated similarly-situated employees outside the protected class

5

more favorably. *Lalvani v. Cook County, Illinois*, 269 F.3d 785, 789 (7th Cir. 2001); *Oates v. Discovery Zone*, 116 F.3d 1161, 1172 (7th Cir. 1997).

Only if a plaintiff successfully produces evidence of a prima facie case does the burden then shift to the employer to articulate a legitimate, nondiscriminatory reason for the employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993); *Pitasi v. Gartner Group, Inc.*, 184 F.3d 709, 716 (7th Cir. 1999). If the defendant satisfies its burden, the presumption vanishes, and the plaintiff must prove that the defendant's stated reason is mere pretext masking discriminatory action. *Hicks*, 509 U.S. at 506. The plaintiff can establish pretext by showing that a discriminatory reason more likely than not motivated the employer or that the employer's proffered reason is unworthy of credence because it has no basis in fact, was not the real reason for the adverse action, or was insufficient to justify the adverse action. *Collier v. Budd Co.*, 66 F.3d 886, 892 (7th Cir. 1995).

In this case, Suarez has not established a prima facie case of age or national origin discrimination. While there is no dispute that Suarez is a member of a protected class who suffered an adverse employment action, there is no direct evidence from which we could conclude that he was discharged for some discriminatory reason. Specifically, Suarez has failed to satisfy the fourth element of his prima facie case of either age or national origin discrimination, *i.e.*, that defendants treated similarly-situated employees outside the protected class more favorably. In order to satisfy this requirement, Suarez must identify similarly-situated employees who were not discharged for similar reasons. *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 931 (7th Cir. 1993). Indeed, the record shows that other temporary employees, who were discharged along with Suarez when the Voter Registration Project ended, were under

the age of forty and of non-Hispanic origin. Suarez's failure to produce evidence to the contrary is a sufficient basis upon which to grant summary judgment.

Even if Suarez could establish a prima facie case of age or national origin discrimination, we find that Defendants have established a non-discriminatory reason for his discharge. A plaintiff can establish pretext either directly, with evidence suggesting that retaliation or discrimination was the most likely motive for the termination, or indirectly, by showing that the employer's proffered reason was not worthy of belief. *Johnson v. Sullivan*, 945 F.2d 976, 980 n.5 (7th Cir. 1991). The indirect method requires some showing that "(1) the defendant's explanation has no basis in fact, or (2) the explanation was not the 'real reason', or (3) . . . the reason stated was insufficient to warrant the [termination]." *Johnson v. City of Fort Wayne, Indiana*, 91 F.3d 922, 931 (7th Cir. 1996). The pretext analysis seeks to uncover the true intent of the defendant, not the belief of the plaintiff. *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995).

Even if Plaintiff can establish a prima facie case, Defendants have established a non-discriminatory reason for its decision. The Clerk's Office was obligated to follow the mandates of the collective bargaining agreement with the Union and followed the contractual provisions. Suarez has failed to show that the purported reason for his discharge is pretextual. Suarez does not even argue, much less produce any evidence, that Defendants' proffered reason is unworthy of credence or insufficient to justify his discharge. Plaintiff has not produced any evidence to show that: (1) Defendants' explanation has no basis in fact; (2) the explanation is not the "real reason;" or (3) the reason stated is insufficient to warrant the action. Indeed, the

evidence demonstrates that Defendants treated younger, non-Hispanic temporary employees in the same manner as Plaintiff.

In this case, the positions held by several employees, including Suarez, were designated as temporary positions by the Clerk of Cook County. Plaintiff and the other temporary employees were informed of this fact at the outset of their employment and periodically were reminded of their status as temporary employees. While employed by the County, these temporary employees were members of a collective bargaining unit represented by the Union. Pursuant to an agreement between the Cook County Clerk and the Union, only one temporary employee was to be retained for further employment. The individual retained for employment was chosen pursuant to the relevant provisions of the collective bargaining agreement.

Suarez and Carson had identical seniority since they were hired on the same day. The collective bargaining agreement provides that the individual with the lower employee number has seniority. It is undisputed that Carson had the lower employee number. It was on this basis that Carson was retained for employment. Suarez has failed to produce any evidence of pretext and therefore cannot avoid summary judgment.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion for summary judgment is granted, terminating the case. This is a final and appealable decision.

Wayne R. Andersen
United States District Judge

Dated: October 27, 2023